UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH J. CARUSO, the CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., | ) ) ) ) ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-02182-JPH-TAB ) |
| KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN II, JOANNA T. LAU, THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI, SAMUEL L. ODLE, and JERRY M. COHEN, | ) ) ) ) ) ) |
| Defendants. | ) |

**Joint Case Management Plan**

I. **Parties and Representatives**

　　A.　　Correct name of each party:

| Plaintiff | Defendants |
|---|---|
| Deborah J. Caruso, Chapter 7 Trustee for ITT Educational Services, Inc., ESI Service Corp. and Daniel Webster College, Inc. | Kevin Modany, John E. Dean, C. David Brown II, Joanna T. Lau, Thomas I Morgan, John Vincent Weber, John F. Cozzi, Samuel L. Odle, and Jerry M. Cohen. |

　　B.　　Full name, address, telephone, fax number, and e-mail address of all counsel:

| Plaintiff's Counsel | Counsel to Defendant Kevin Modany | Counsel to Defendants John E. Dean, C. David Brown II, Joanna T. Lau, Thomas I. Morgan, John Vincent Weber, John F. Cozzi, Samuel L. Odle, and Jerry M. Cohen (the "Former Directors") |
|---|---|---|
| | | |

| | | |
|---|---|---|
| John C. Hoard<br>RUBIN & LEVIN, P.C.<br>135 N. Pennsylvania St., Suite 1400<br>Indianapolis, IN 46204<br>Phone: (317) 634-0300<br>Fax: (317) 263-9411<br><br>Ronald J. Schutz<br>Carly A. Kessler<br>ROBINS KAPLAN LLP<br>399 Park Avenue, Suite 3600<br>New York NY 10022<br>Phone: (212) 980-7400<br>Fax: (212) 980-7499<br><br>Michael A. Collyard<br>Richard B. Allyn<br>Thomas F. Berndt<br>ROBINS KAPLAN LLP<br>800 LaSalle Ave., Suite 2800<br>Minneapolis, MN 55402<br>Phone: (612) 349-8500<br>Fax: (612) 339-4181 | John C. Goodchild, III,<br>Rachel Jaffe Mauceri,<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>Phone: (215) 963-5000 Fax: (215) 963-5001<br>john.goodchild@morganlewis.com<br>rachel.mauceri@morganlewis.com<br><br>Elaine V. Fenna<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, New York 10178<br>Phone: (212) 309-6000 Fax: (212) 309-6001<br>elaine.fenna@morganlewis.com<br><br>Jeffrey A. Hokanson<br>ICE MILLER LLP<br>One American Square, Suite 2900<br>Indianapolis, IN 46282-0200 Phone: (317) 236-2100<br>Fax: (317) 236-2219<br>jeff.hokanson@icemiller.com<br><br>John Cannizzaro<br>ICE MILLER LLP<br>Arena District, 250 West Street, Suite 700<br>Columbus, OH 43215-7509<br>Phone: (614) 462-2700 Fax: (614) 462-5135<br>john.cannizzaro@icemiller.com | Gregory F. Hahn,<br>V. Samuel Laurin,<br>James P. Moloy,<br>Paul D. Vink,<br>BOSE MCKINNEY & EVANS LLP<br>111 Monument Circle, Suite 2700<br>Indianapolis, Indiana 46204<br>Phone: (317) 684-5000<br>Fax: (317) 684-5173<br>ghahn@boselaw.com<br>slaurin@boselaw.com<br>jmoloy@boselaw.com<br>pvink@boselaw.com |

      Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

    A.    The parties shall state the basis for subject matter jurisdiction.

This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334(b) and Rule 7001, et seq., of the Federal Rules of Bankruptcy Procedure because this action arises in and relates to Case No. 16-07207 pending in the Bankruptcy Court.

    B.    One-paragraph statement of plaintiff's claims, including the legal theories and facts upon which the claims are based:

The Trustee asserts breach-of-fiduciary duty claims against all Defendants—eight former ITT directors and former ITT CEO, Kevin Modany—and an equitable subordination claim against former CEO Modany. The Trustee alleges all Defendants breached their fiduciary duties of loyalty, care, and good faith owing to ITT during the five months before ITT's bankruptcy. During this critical period, the former directors failed to take actions that either would have prevented the bankruptcy filing or limited the damage that resulted from the bankruptcy filing including at least the following: (1) remove the self-interested Modany, (2) independently investigate potential transactions or an orderly wind down, and (3) take steps to minimize ITT's liabilities including securing a teach-out agreement to allow ITT's 40,000 students to complete their education elsewhere. Former CEO Modany breached his fiduciary duties to ITT and engaged in inequitable conduct by, among other things, failing to investigate potential transactions or an orderly wind down, failing to minimize ITT's liabilities, and by acting solely in his self-interest and against ITT's interests.

    C.    One paragraph responsive statement of the Former Director's claims or defenses, including the legal theories and facts upon which the claims are based:

The Former Directors did not breach any fiduciary duties. ITT's articles of incorporation also expressly provide that the Former Directors cannot be held liable for breach of a fiduciary duty (the "Exculpatory Provisions") with five narrow exceptions. The Trustee's Complaint does not allege any facts with respect to the three of the five exceptions. The Trustee's Complaint does not allege any facts that any of the Former Directors acted in his or her own self-interest so there is no breach of the duty of loyalty. The Trustee's Complaint does not satisfy the high burden of alleging that the Former Directors did not act in good faith. For example, the Trustee's Complaint concedes that the Former Directors took many steps to address ITT's financial issues so there is no intentional abdication of any fiduciary duty. The Trustee's other claim is a *Caremark* claim that the Former Directors intentionally refused to act to act with respect to ITT's financial issues which did not happen. When the actions that the Former Directors took are considered in conjunction with the Exculpatory Provisions there is no *Caremark* claim.

D. One paragraph responsive statement of Mr. Modany's claims or defenses, including the legal theories and facts upon which the claims are based:

Mr. Modany did not breach any fiduciary duties in his role as CEO of ITT in 2016 and Trustee is not entitled to damages or to equitable subordination of Mr. Modany's claims against the ITT estates. Trustee's Complaint contains only conclusory statements concerning Mr. Modany's actions as CEO of ITT during the period from April to September 2016, prior to ITT's bankruptcy filing, as Trustee lacks any evidence supporting Trustee's allegation that Mr. Modany breached a duty of care. Contrary to Trustee's Complaint, Mr. Modany responded to the concerns of ACICS, and the Department of Education, resulting in the resolution of certain ACICS's concerns and the satisfaction of Department of Education's demand that ITT increase its security. Mr. Modany also diligently pursued a strategic transaction for ITT and communicated with ITT's Board of Directors regarding these actions. Nor can Trustee demonstrate that Mr. Modany breached a duty of loyalty or good faith. Mr. Modany pursued the strategic transaction that, in his business judgment, he viewed as the most beneficial to ITT, and the existence of an employee benefits and severance plan does not render Mr. Modany's judgment conflicted. Not only can Trustee not prove that any of the actions taken by Mr. Modany resulted in ITT becoming insolvent, Trustee cannot even identify the point at which ITT became insolvent, as evidenced by conflicting statements throughout the Complaint. Because Trustee cannot identify any inequitable conduct on the part of Mr. Modany, Trustee is not entitled to subordination of Mr. Modany's claims under Section 510 of the Bankruptcy Code, and Trustee cannot rely on the "equitable powers" of the bankruptcy court under Section 105 to remedy this deficiency.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before May 9, 2019.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before May 16, 2019.

C. Defendant(s) shall file preliminary witness (other than expert witnesses) and exhibit lists on or before May 23, 2019.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before June 9, 2019.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before June 9, 2019. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

4

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before <u>April 30, 2020</u>. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before <u>May 31, 2020</u>; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before <u>May 31, 2020</u>.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines, provided, that the parties acknowledge that, as of the date hereof, there are currently pending motions to dismiss the Complaint, and that the dates set forth herein may require further modification pending the timing of final disposition of those motions. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before <u>August 31, 2020</u>. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before <u>September 30, 2020</u>. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

      Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes. All Defendants have filed Motions to Dismiss the Trustee's Complaint. If the Motions to Dismiss are not granted, then Defendants anticipate filing Motions for Summary Judgment for the reasons outlined in the Motions to Dismiss and supplemented by discovery and affidavits.

    B.    On or before September 13, 2019, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Select the track that best suits this case:

        ___ Track 1: Not applicable.

        ___ Track 2: Not applicable.

        __X__ Track 3: Dispositive motions shall be filed by August 31, 2020; nonexpert discovery shall be completed by April 1, 2020; expert witness discovery shall be completed by July 31, 2020.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in <u>December 2019.</u>**

## VI. Trial Date

The parties request a trial date in <u>April 2021</u>. The trial is by <u>jury</u> and is anticipated to take <u>10 days</u>. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying

designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation,

       and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

**Number of interrogatories:** Fed. R. Civ. P. 33(a)(1) states that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Here, based on Rule 33(a)(1), the parties respectfully request: (1) that the Trustee be allowed to issue up to 25 interrogatories to each of the nine Defendants and, likewise, (2) that each of the nine Defendants may issue up to 25 interrogatories to the Trustee.

**Non-expert deposition limit:** As there are nine Defendants, the parties respectfully request: (1) that the Trustee be allowed to notice up to 20 non-expert depositions in this case and (2) that Defendants be allowed to collectively notice up to 20 non-expert depositions in this case.

Respectfully submitted,

By _/s/ John C. Hoard_____

John C. Hoard
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
Phone: (317) 634-0300
Fax: (317) 263-9411

Ronald J. Schutz
Carly A. Kessler
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York NY 10022
Phone: (212) 980-7400
Fax: (212) 980-7499

Michael A. Collyard  Richard B. Allyn
Thomas F. Berndt
ROBINS KAPLAN LLP
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500
Fax: (612) 339-4181

*Counsel for the Trustee*
By _/s/Jeff Hokanson_____

John C. Goodchild, III,
Rachel Jaffe Mauceri,
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone: (215) 963-5000 Fax: (215) 963-5001
john.goodchild@morganlewis.com
rachel.mauceri@morganlewis.com

Elaine V. Fenna
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Phone: (212) 309-6000
Fax: (212) 309-6001
elaine.fenna@morganlewis.com

Jeffrey A. Hokanson
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
jeff.hokanson@icemiller.com

John Cannizzaro
ICE MILLER LLP
Arena District, 250 West Street,
Suite 700
Columbus, OH 43215-7509
Phone: (614) 462-2700
Fax: (614) 462-5135
john.cannizzaro@icemiller.com
April 1, 2019

By _/s/ Samuel Laurin_

Gregory F. Hahn,
V. Samuel Laurin,
James P. Moloy,
Paul D. Vink,
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Phone: (317) 684-5000 Fax: (317) 684-5173
ghahn@boselaw.com
slaurin@boselaw.com
jmoloy@boselaw.com
pvink@boselaw.com

*Counsel to Defendants John E. Dean, C. David Brown II, Joanna T. Lau, Thomas I. Morgan, John Vincent Weber, John F. Cozzi, Samuel L. Odle, and Jerry M. Cohen*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON APRIL 25, 2019, FOR A TELEPHONIC STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ON_____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ___.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM ____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN AUGUST 31, 2020. |
| X | DISCOVERY SHALL BE COMPLETED BY APRIL 1, 2020. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 161(f), to and including dismissal or default.

By approving the Case Management Plan, the Court also approves the parties' agreement to exceed the normal limits on interrogatories and depositions.

**APPROVED AND SO ORDERED.**

Date:  5/8/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email.