UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH J. CARUSO, the CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., </br></br>Plaintiff,</br></br>v.</br></br>KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN II, JOANNA T. LAU, THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI, SAMUEL L. ODLE, and JERRY M. COHEN,</br></br>Defendants. | Case No. 1:18-cv-02182-JPH-TAB</br></br>*transferred from*</br></br>Bankruptcy Adversary Proceeding No. 18-50100 |

**TRUSTEE'S STATEMENT OF CLAIMS SHE INTENDS TO PROVE AT TRIAL**

Plaintiff Deborah J. Caruso, Chapter 7 Trustee (the "Trustee") for ITT Educational Services, Inc., ESI Service Corp. and Daniel Webster College, Inc. (collectively, "ITT"), by and through her undersigned attorneys and under IV(B) of the Case Management Plan (Dkt. 32), submit the following statement of claims she intends to prove at trial. The Trustee intends to prove at trial each of the claims identified in her Complaint (Bankr. Dkt. 1), including (1) Defendants' breach of fiduciary duty of loyalty, care and good faith; and (2) equitable subordination of Defendant Kevin Modany's ("Modany") creditor claims under 11 U.S.C. §§ 510(c), and 105(a). As discovery is in its early stages and the parties are awaiting ruling on Defendants' pending motions to

dismiss, the Trustee reserves her right to amend, supplement, or revise this statement to account for newly-discovered facts or any amendment of the Trustee's Complaint.

## I. Breach of Fiduciary Duties of Loyalty, Care and Good Faith

Defendants, as officers and directors of ITT, each owed ITT and its stakeholders fiduciary duties of loyalty, care, and good faith. These fiduciary duties required Defendants, among other things, to fully inform themselves before making business decisions and to act in the best interests of ITT and its stakeholders. The Trustee intends to prove that Defendants breached their fiduciary duties by:

- abdicating crucial decision-making authority to ITT's former Chief Executive Officer, Kevin Modany, to negotiate with the Department of Education ("ED"), the Accrediting Council for Independent Colleges and Schools ("ACICS"), and potential transaction partners despite knowing that Modany was conflicted and could not be trusted to place ITT's interests above his own personal interests given, among other things, his desire to retain control of ITT and obvious incentive to maintain the benefits of his substantial compensation package;

- retaining Modany against ITT's best interests and the wishes of ED, ACICS, regulators, state attorneys general, and potential transaction partners;

- chronically failing to exercise reasonable oversight over Modany and other management throughout the Crisis Period;

- failing to independently investigate ITT's financial condition and ability to continue operations and ignoring evidence of ITT's insolvency;

- failing to investigate or secure an orderly merger, sale, or other transaction to maximize ITT's value for its constituents, including a transaction that might not be in Modany's personal interest (*e.g.*, a transaction involving his termination, a reduction in his compensation, and/or settlement of pending claims against ITT in a manner adverse to him); and

- failing to investigate or secure an orderly wind down of ITT's operations either inside or outside of bankruptcy that would have maximized the value of ITT's remaining assets for its shareholders and minimized potential claims against ITT, including ensuring that ITT had in place a program for the teach-out of its current student body, complying with all applicable rules and regulations regarding the disposition of student records, and complying with all applicable employment laws.

## II. Equitable Subordination of Kevin Modany's Creditor Claims Under 11 U.S.C. §§ 510(c) and 105(a)

The Trustee also intends to prove that Modany's unsecured creditor claims under 11 U.S.C. §§ 510(c), and 105(a) should be equitably subordinated. On November 16, 2016, Modany, an insider of ITT, filed a proof of claim asserting an unsecured creditor claim in ITT's liquidation seeking $5,008,199.00, or alternatively, not less than $3,360,199.00 under his severance plan. Modany amended this claim on January 30, 2017 to, among other things, seek indemnification or any other rights Modany is

entitled to under ITT's by-laws. (*See* Claim Nos. 846 & 2452 at Bankr. Dkt. 1, Ex. D). Under Section 510(c) of the Bankruptcy Code a court can "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest." *In re Arvinyl Metal Finishing Group, LLC*, 2009 Bankr. LEXIS 3618, *7 (Bankr. S.D. Ind. Oct. 29, 2009).

Equitable subordination is appropriate when: (1) the creditor engaged in some type of inequitable conduct; (2) the misconduct resulted in injury to other creditors or conferred an unfair advantage on the creditor; and (3) equitable subordination is not inconsistent with the Bankruptcy Code. *In re Kreisler*, 546 F.3d 863, 866 (7th Cir. 2008) (citing *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692, 700 (5th Cir. 1977); *In re Arvinyl Metal Finishing Group, LLC*, 2009 Bankr. at *8. Here, the Trustee intends to prove that Modany's breaches of fiduciary duty constitute inequitable conduct that conferred an unfair advantage on Modany and that subordination of Modany's claims is not inconsistent with the Bankruptcy Code. The Trustee further intends to prove that the control Modany exercised over the debtor makes equitable subordination particularly appropriate. *See In re Cilek*, 115 B.R. 974, 999 (Bankr. W.D. Wisc. 1990) (courts have applied the doctrine of equitable subordination when the creditor controls the debtor's affairs); *In re Aida's Paradise, LLC*, 485 B.R. 806, 813 (Bankr. M.D. Fl. 2013) ("A creditor who exerts so much control over the decision-making processes of a debtor such that it dominates the free will of the debtor may be held accountable as a fiduciary.").

4

Dated: September 13, 2019 By: */s/ Ronald J. Schutz*
Ronald J. Schutz
Carly A. Kessler
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York NY 10022
Phone: (212) 980-7400
Fax: (212) 980-7499

John C. Hoard
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
Phone: (317) 634-0300
Fax: (317) 263-9411

Michael A. Collyard
Richard B. Allyn
Thomas F. Berndt
ROBINS KAPLAN LLP
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500
Fax: (612) 339-4181

*Counsel for the Trustee*