UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH CARUSO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02182-JPH-TAB |
| ) | |
| KEVIN MODANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DISCOVERY DISPUTE**

Plaintiff Deborah Caruso is ITT Education Services, Inc.'s Chapter 7 bankruptcy trustee. Defendant Kevin Modany is ITT's former chief executive officer. Modany is insured by the Chubb Group of Insurance Companies and Federal Insurance Company (collectively the "Insurers"). The parties appeared by counsel on May 14, 2020, to address a discovery dispute involving subpoenas Plaintff served on the Insurers seeking information concerning Modany's insurance coverage. The parties do not dispute Plaintiff's entitlement to the insurance policies themselves, which have been provided to Plaintiff. Rather, Plaintiff seeks information regarding defense costs and indemnity the Insurers have provided to Defendant, communications regarding these payments, and insurance applications and claims placement information. Defendant objects to these subpoenas on a variety of grounds, but essentially contends the information Plaintiff seeks is irrelevant and, in part, protected by the attorney-client privilege and work product doctrine.

Before addressing the merits of this dispute, the Court must first address standing. Plaintiff contends Defendant has no standing to object to the subpoenas since they were served on the Insurers, rather than on Defendant. The Court need not dwell too long on this issue. In

*Jump v. Montgomery Cnty.*, No. 13-CV-3084, 2015 WL 4530522, at *1 (C.D. Ill. July 27, 2015), standing was similarly in play, and that court held that the defendants had standing to move to quash the subpoena at issue because the subpoena sought documents including litigation management reports from trial counsel that may be subject to the attorney-client privilege. Similarly, in the case at bar, Plaintiff's subpoena seeks all communications regarding the insurance applications, underwriting, and claims placement regarding ITT's D&O policies. Defendant has raised attorney-client and work product concerns. Moreover, Defendant further advised the Court during the May 14 conference that the Insurers are preparing objections to the subpoenas and that Defendant has similar objections regarding production requests Plaintiff recently served on Defendant. This is sufficient to vest Defendant with standing to allow the Court to wade into this developing discovery morass.

Moving to the merits of the discovery dispute, Plaintiff relies on two cases in support of the requested discovery. Neither is particularly availing. In the first case, *In re Delmarine, Inc.*, 535 F. Supp. 2d 318, 322 (E.D.N.Y. 2008), the court ordered disclosure of the remaining policy limits on a wasting insurance policy, but it did so with little analysis, simply stating that the claimant likely would need the information to decide whether to proceed against Delmarine. The other case upon which Plaintiff relies, *Suffolk Federal Credit Union v. Cumis Ins. Soc., Inc.*, 270 F.R.D. 141, 142-43 (E.D.N.Y. 2010), holds little more than that reinsurance agreements are discoverable.

The Court finds a far more compelling case is *Jump v. Montgomery Cnty.*, No. 13-CV-3084, 2015 WL 4530522 (C.D. Ill. July 27, 2015). The *Jump* court cited Fed. R. Civ. P. 26(a)(1)(A)(iv) for the proposition that a defendant must produce any "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in

2

the action or to indemnify or reimburse for payments made to satisfy the judgment." *Jump,* No. 13-CV-3084, 2015 WL 4530522, at *2. Importantly, the court then observed that "the requirement to produce any insurance agreement is limited to the agreement. Rule 26(a)(1) does not require the production of any other document related to insurance." *Id.* (*citing Resolution Trust Corp. v. Thornton,* 41 F.3d 1539, 1547 (D.C.Cir.1994) (discovery rule production requirement limited to insurance policy only) and *Excelsior College v. Frye,* 233 F.R.D. 583, 585–86 (S.D.Cal.2006) (same)).

This is not to say that the type of information Plaintiff seeks is always foreclosed in litigation. As pointed out in *Honeywell Int'l Inc. v. ICM Controls Corp.*, No. 11-CV-569 JNE/TNL, 2013 WL 6169671, at *12 (D. Minn. Nov. 22, 2013), in an insurance-coverage dispute

> the insurance application, underwriting, review, and claims and adjustments processes are reasonably calculated to the lead to the discovery of admissible evidence concerning a party's claim or defense. *See, e.g., Renfrow v. Redwood Fire & Cas. Ins. Co.,* 288 F.R.D. 514, 517, 521 (D. Nev. 2013) (claims file and underwriting files were relevant to plaintiff's breach-of-contract and bad-faith claims against insurer); *Brown Bear v. Cuna Mut. Grp.,* 266 F.R.D. 310, 319 (D.S.D.2009) (claims file, notes, memos, and documents concerning plaintiff's disability claim relevant to whether insurer acted in bad faith in denying claim).

However, the instant litigation is not an insurance coverage dispute. Rather, the allegations involve an alleged breach of fiduciary duty and equitable subordination of the proof of claim. When questioned at the May 14 conference as to the relevance of the discovery, Plaintiff's counsel stated he would like to know the amount of remaining coverage in the event Plaintiff obtains a judgment against Defendant, or in order to facilitate settlement discussions. The problem for Plaintiff is that, at present, there is no judgment. And while the Court routinely facilitates settlement discussions, the Federal Rules of Civil Procedure do not permit discovery

into what Plaintiff would like to know, only what is required to be produced.  *See generally* Fed. R. Civ. P. 26.

Accordingly, the subpoenas at issue rest on shaky ground.  The Court does not foreclose Plaintiff' the opportunity to fully brief this discovery dispute if Plaintiff declines to withdraw or narrow the subpoenas at issue.  However, if Plaintiff insists on going down that road, Plaintiff will need to provide a substantially more compelling argument than what Plaintiff already has put forth.

The Court also declines at this juncture to address Defendant's attorney-client and work product concerns.  However, the Court notes that these concerns raise additional hurdles Plaintiff would need to clear to obtain this discovery.  Finally, if these issues cannot be resolved and find their way back to the Court, Defendant will need to have produced a privilege log for each document withheld on these grounds.

Date: 5/19/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Richard B. Allyn
ROBINS, KAPLAN LLP
rallyn@robinskaplan.com

Thomas Berndt
ROBINS KAPLAN LLP
TBerndt@RobinsKaplan.com

Michael Collyard
ROBINS KAPLAN LLP

mcollyard@robinskaplan.com

Joseph P. Davis, III
GREENBERG TRAURIG LLP
davisjo@gtlaw.com

Kevin D. Finger
GREENBERG TRAURIG, P.C.
fingerk@gtlaw.com

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

John C. Hoard
RUBIN & LEVIN, P.C.
johnh@rubin-levin.net

Alison T. Holdway
GREENBERG TRAURIG, LLP
holdwaya@gtlaw.com

Carly Kessler
ROBINS KAPLAN LLP
ckessler@robinskaplan.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
slaurin@boselaw.com

David Ian Miller
GREENBERG TRAURIG, LLP
david.miller@gtlaw.com

James P. Moloy
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmoloy@boselaw.com

Ronald James Schutz
ROBINS, KAPLAN LLP
rschutz@robinskaplan.com

Kelyn J. Smith
GREENBERG TRAURIG, LLP
smithkel@gtlaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pvink@boselaw.com

Mian R. Wang
GREENBERG TRAURIG, LLP
wangm@gtlaw.com